```
                IN THE UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


RONNIE SIMICEK and              §
MARIE SIMICEK,                  §
                                §
        Plaintiffs,             §
                                §
v.                              §    CIVIL ACTION NO. H:12-1545
                                §
WELLS FARGO BANK, N.A. and      §
BRICE, VANDER LINDEN, &         §
WERNICK, P.C.,                  §
                                §
        Defendants.             §
```

MEMORANDUM AND ORDER

Pending is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Document No. 25). After carefully considering the motion, response, reply, and applicable law, the Court concludes as follows.

I.  Background

In 2006, Plaintiffs Ronnie Simicek and Marie Simicek ("Plaintiffs") purchased a home located at 1619 Rock Fence Drive in Richmond, Texas and executed a Note and Deed of Trust in favor of Mortgage Lenders Network USA, Inc. d/b/a Lenders Network to finance the purchase.[1]  Plaintiffs allege that they fell behind on their mortgage payments after Mr. Simicek was involved in a car accident

---

[1] Document No. 25, exs. A & B (Note & Deed of Trust).

that left him unable to work for three years, which made them both dependent on Mrs. Simicek's salary at Child Advocates of Fort Bend County.[2] Plaintiffs refinanced their home but were still unable to keep up with the payments.[3] In their Motion for Adequate Protection (Document No. 28), which Plaintiffs do not contradict and to which they have filed no opposition, Defendant states that Plaintiffs ceased to make payments on their debt in May 2011 and, the Court is astonished to read, Plaintiffs nonetheless have continued to occupy, use, and enjoy the Property without tendering even a single payment for rent now for more than two years.

Plaintiffs sued Defendant Wells Fargo Bank, N.A. ("Wells Fargo") as the owner and/or holder of the Note and Deed of Trust asserting claims for breach of contract and violations of the Texas Debt Collection Practices Act ("TDCPA"), TEX. FIN. CODE § 392.001 *et seq.*, related to Wells Fargo's attempt to foreclose on Plaintiffs' home.[4] Wells Fargo now moves for summary judgment on Plaintiffs' claims, and likewise moves for summary judgment for its attorneys' fees incurred in defending this lawsuit.

---

[2] Document No. 1, ex. 2 at 3 (Orig. Pet.).

[3] Id.

[4] Id. Plaintiffs also sued Brice, Vander Linden, & Wernick, P.C., whose motion to dismiss was granted on August 31, 2012 (Document No. 19).

## II. Discussion

### A. Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

B.   Analysis

   1.   Breach of Contract

Wells Fargo's uncontroverted summary judgment evidence is that Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Mortgage Lenders Network USA, Inc. d/b/a Lenders Network, assigned its beneficial interest under the Note and Deed of Trust

to US Bank National Association.[5]  Wells Fargo is the mortgage servicer for US Bank National Association and stands in its place as holder of the Note and Deed of Trust.[6]  Through its mortgage servicing division, America's Servicing Company ("ASC"), Wells Fargo sent notices of default to each Plaintiff on June 19, 2011.[7]  The notices stated a total delinquency of $2,979.24.  Among other things, the notice informed Plaintiffs that, "[u]nless the payments on your loan can be brought current by July 19, 2011, it will become necessary to require immediate payment in full (also called acceleration) of your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust, which include foreclosure."[8]  The summary judgment evidence also includes the Notice of Acceleration and Notice of Trustee's Sale that it sent to both Plaintiffs on May 9, 2012.[9]

Plaintiffs do not dispute that they received the letter dated June 19, 2011, and do not dispute that they failed to bring the past-due payments current by July 19, 2011, or ever thereafter.[10]  Plaintiffs argue that although the Deed of Trust did not require

---

[5] Document No. 25, ex. K; Document No. 27, ex. H ¶ 8.

[6] Document No. 27, ex. H ¶ 8.

[7] Document No. 25, exs. C & D.

[8] Id.

[9] Document No. 25, exs. E & F.

[10] Document No. 30 at 5.

Wells Fargo to offer a full range of default-curing options, "if the lender *chooses* to offer a default curing option, then lender must allow the borrower to take advantage of that option.  In other words, the borrower must have at least 30 days up to the actual time required to comply, based on the option, to submit documentation and attempt to qualify for the option."[11]  Both parties rely on Section 22 of the Deed of Trust, which in pertinent part reads:

> **22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . .  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.[12]

Plaintiffs' construction of the foregoing clause to require additional notice(s) of 30 days before foreclosure is specious.  This paragraph requires only that Lender give notice to Borrower of Borrower's breach, which the uncontroverted evidence shows that Defendant did, and that the notice sent contained all information required by the Deed of Trust.  The notice provided only one method to cure Plaintiffs' default, which Plaintiffs make no claim to have

---

[11] Id. at 9.

[12] Document No. 25, ex. B ¶ 22.

6

satisfied. Moreover, the uncontroverted evidence shows that Wells Fargo did not give to Plaintiffs notice of acceleration and foreclosure until after the expiration of the 30-days time period specified in the June 19, 2011 letter--and required by the Deed of Trust--within which Plaintiffs were entitled to cure the default by bringing their payments current. Wells Fargo's generous forbearance for almost a year, during which time Wells Fargo explored with Plaintiffs possible alternatives to a foreclosure sale, was not a waiver of Wells Fargo's right to foreclose. That the lender's forebearance does not constitute a waiver of the lender's rights and remedies is expressly agreed in the Deed of Trust itself:

> "Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons . . . *shall not be a waiver of or preclude the exercise of any right or remedy*."

Plaintiffs cite no clause in the Deed of Trust requiring Wells Fargo, if Plaintiffs did not bring their payments current within the 30 days' period specified in the notice of default, to postpone or delay its acceleration and foreclosure for an additional 30 days' period merely because it discussed with Plaintiffs a possible alternative to foreclosure. Plaintiffs have not raised a genuine issue of material fact on their claim that Defendant breached the contract, and this claim is therefore dismissed.

2.  <u>Texas Debt Collection Practices Act</u>

    a.  <u>Texas Finance Code § 392.301(a)(8)</u>

Plaintiffs allege that Wells Fargo violated section 392.301(a)(8) of the Texas Finance Code when it threatened to foreclose on the house before it had complied with the Deed of Trust default provision discussed above, and therefore "threaten[ed] to take an action prohibited by law."[13]  Section 392.301(b)(3) states that: "Subsection (a) does not prevent a debt collector from: (3) exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings."  TEX. FIN. CODE § 392.301(b)(3).  As observed above, Plaintiffs have not raised an issue of material fact in support of their breach of contract claim, it is undisputed that Plaintiffs were in default, and Plaintiffs point to no other reason why Wells Fargo's actions are not plainly within the ambit of conduct permitted by § 392.301(b)(3).  *See, e.g.,* <u>Richardson v. Wells Fargo Bank, N.A.</u>, 873 F. Supp. 2d 800, 815 (N.D. Tex. 2012) (granting summary judgment for defendant on plaintiff's claim that the bank violated § 392.301(a)(8) by foreclosing before it was allowed to do so under the deed of trust because "[f]oreclosure is not an action prohibited by law," and the court had already found that the bank

---

[13] Document No. 30 at 10.

had complied with the deed of trust in foreclosing). Plaintiffs have raised no genuine issue of material fact on this claim, and it is therefore dismissed.

### b. Texas Finance Code § 392.304(a)(8) and (19)

Plaintiffs assert that Wells Fargo violated § 392.304(a)(8), which makes it unlawful to "misrepresent[ ] the character, extent, or amount of a consumer debt," and § 392.304(a)(19), which makes it unlawful to "us[e] any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(8). Plaintiffs argue that Wells Fargo violated these provisions when it gave Plaintiffs a payoff quote containing "fees for a foreclosure that had not yet occurred."[14] Plaintiffs submit no evidence in support of this argument, although they attach a payoff statement form dated May 30, 2012, which contemplates a closing date of June 4, 2012.[15] The statement contains no reference to fees that had not yet been incurred, except for $14.00 in "anticipated attorneys costs" as of the closing date on June 4, 2012.[16] The Deed of Trust states that

---

[14] Document No. 30 at 11.

[15] Id. at 11, ex. C.

[16] Id., ex. C at 3. The Texas Finance Code requires a payoff statement form to state a proposed closing date and "provide a payoff amount that is valid through that date." TEX. FIN. CODE § 343.106.

9

the "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence."[17] Plaintiffs make no argument, and present no evidence, to support a claim that any fees identified in the payoff statement form were false or were misrepresented. Plaintiffs have raised no genuine issue of material fact in support of their claim that Wells Fargo violated section 392.304(a) of the Texas Finance Code. These claims are dismissed.

3.  Attorneys' Fees and Costs

Relying upon the Deed of Trust, Wells Fargo seeks recovery of its attorneys' fees and costs incurred in defending this lawsuit. In a diversity case based on state law claims, state law controls both the award of fees and the reasonableness of fees awarded. Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may not be recovered unless provided for by statute or contract. Dallas Cent. Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992). Wells Fargo relies on the following Deed of Trust language:

> If . . . (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or

---

[17] Document No. 25, ex. B ¶ 22.

>   forfeiture, for enforcement of a lien which may attain
>   priority over this Security Instrument or to enforce laws
>   or regulations) . . . then Lender may do and pay for
>   whatever is reasonable or appropriate to protect Lender's
>   interest in the Property and rights under this Security
>   Instrument . . . . Lender's actions can include, but are
>   not limited to: . . . (c) paying reasonable attorneys'
>   fees to protect its interest in the Property and/or
>   rights under this Security Instrument . . . .[18]

Plaintiffs argue that granting attorneys' fees would be improper because Wells Fargo is not protecting its interest in the Property in this lawsuit.[19] This argument lacks merit. Plaintiffs filed this case for the very purpose of preventing Wells Fargo from exercising its right to foreclose on the property, an action which, if successful, in the words of the Deed of Trust would "significantly affect [Wells Fargo's] interest in the Property."[20] When plaintiffs who are in default on their loans bring unsuccessful actions to forestall foreclosure, the courts have consistently upheld claims for attorneys' fees based on similar or identical deed of trust language. *See, e.g.*, Kirksey v. Am.'s Servicing Co., CIV.A. H-12-2859, 2013 WL 3992179 (S.D. Tex. Aug. 2, 2013); Shaw v. Wells Fargo Bank, N.A., 4:12-CV-01422, 2013 WL 4829268 (S.D. Tex. Sept. 10, 2013).

---

[18] Document No. 25 at 17, ex. B ¶ 9.

[19] Document No. 30 at 12-13.

[20] Document No. 25 at 17, ex. B ¶ 9.

11

Section 9 of the Deed of Trust further provides that "[a]ny amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument."[21] Hence, Defendant's reasonable attorneys' fees and expenses become (i) a debt of Plaintiff, and (ii) a debt secured by the Deed of Trust. Plaintiffs argue that "there is no debt, following foreclosure that can be secured by the security instrument, because it has been extinguished."[22] Plaintiffs cite no authority to support such a theory. The proceeds received from sale of a property at foreclosure are required to be applied to the debt, but if the price paid at a foreclosure sale is less than the unpaid balance of the indebtedness secured by the property, the creditor still is entitled to recover the balance of the debt. There is no evidence that the Property was sold at foreclosure for a sum sufficient to satisfy the debt under the Note, much less the attorneys' fees incurred by Defendant in defending this case to "protect its interest in the Property." Plaintiffs have not shown that Defendant's attorneys' fees were extinguished by the foreclosure sale. This case is virtually identical to May v. Wells Fargo Bank, N.A., in which this Court recently applied an identical deed of trust clause to award to the bank attorneys' fees incurred in its defense of a meritless case against the bank after it had

---

[21] Document No. 25 at 17, ex. B ¶ 9.

[22] Document No. 30 at 12-13.

foreclosed on the plaintiffs' home.  CIV. 4:11-3516, 2013 WL 4647673 at *5 (S.D. Tex. Aug. 29, 2013, Atlas, J.) (citing In re Velazquez, 660 F.3d 893, 899-900 (5th Cir. 2011)).  Defendant here is likewise entitled to summary judgment for its reasonable attorneys' fees.

The Fifth Circuit approves calculation of reasonable attorneys' fees by using the "lodestar method," in which the district court multiplies the reasonable number of hours expended on the litigation by the reasonable hourly rate for the participating lawyer. Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996).  The movant bears the burden of documenting the appropriate hours expended and hourly rates. Hensley v. Eckerhart, 103 S. Ct. 1933, 1941 (1983).

Wells Fargo has submitted the affidavit of George A. Kurisky, Jr., its attorney of record, in support of its motion for attorneys' fees.[23]  Kurisky asserts that the legal work performed in this case by Johnson DeLuca Kurisky & Gould, P.C. was both reasonable and necessary, and that the fees and costs totaled $18,676.01 as of the date it filed its Motion for Summary Judgment.[24]  This total includes $861.51 in costs and $17,814.50 in fees, based on a blended hourly rate.[25]  Kurisky asserts that his

---

[23] Document No. 25, Ex. J.

[24] Id. at 1-2.

[25] Id. at 2.

hourly rate is $400.00 and that his associate attorneys' hourly rate is $275.00.[26] The attached Time and Expense Details also include several entries with an hourly rate of $110.00, which the Court construes to be the hourly rate of the firm's paralegals.[27] Plaintiffs do not contest counsel's hourly rates or the amount of time expended, but the Court nevertheless independently reviews the reasonableness and necessity of the fees and expenses.

Kurisky appears to have been a Texas lawyer for more than 11 years, and has extensive experience in cases such as this. Based on this Judge's experience and knowledge of reasonable rates charged by other attorneys in similar cases, the Court finds that $400.00 is a reasonable hourly rate for a partner-level attorney of Kurisky's experience, $275.00 is a reasonable hourly rate for associate-level attorneys, and $110.00 is a reasonable hourly rate for paralegals. The Court will apply these rates to determine the appropriate amount of attorneys' fees recoverable.

After reviewing the billing records attached to Kurisky's affidavit, which include no time attributed to Kurisky himself, the Court finds that 68.50 hours were worked and billed to Wells Fargo in this case.[28] Of those, 6.2 hours were billed at a rate of $110.00, for a total of $682.00 at that rate, and 62.3 hours were

---

[26] Id. at 2.

[27] Id. at 3-6.

[28] Id.

billed at a rate of $275.00, indicating that all of the billable attorney time was performed by an associate attorney, for a total of $17,132.50.[29] The total sum claimed is $17,814.50.[30] The Court finds that this amount of time at these rates was reasonable in the context of this case, and that Wells Fargo is entitled to recoup its reasonable attorneys' fees in the total sum of $17,814.50, plus its expenses in the amount of $861.51, for a total recovery of $18,676.01 in attorneys' fees and expenses, which will be rounded down to the nearest dollar.[31]

### III. Order

For the foregoing reasons, it is

ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Document No. 25) is GRANTED and all claims of Plaintiffs Ronnie Simicek and Marie Simicek against Wells Fargo are DISMISSED on the merits with prejudice; and Wells Fargo, N.A. shall have and recover from Ronnie Simicek and Marie Simicek, jointly and

---

[29] Kurisky in his Affidavit describes it as a "blended hourly rate."

[30] Id.

[31] Defendant yesterday filed a Motion for Judgment on the Pleadings (Document No. 34), which asks for the same result as that sought in the just-decided Motion for Summary Judgment, which motion was fully briefed by both parties. Accompanying Defendant's new and generally redundant motion is a new affidavit for attorneys' fees and costs totaling now in excess of $27,000.00. The Court is not persuaded that it was reasonable or necessary to incur fees to file a second dispositive motion. One was enough.

severally, its reasonable attorneys' fees and expenses incurred in these proceedings to protect its interest in the Property. All other pending motions are DISMISSED as moot. A separate Final Judgment will be entered.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 26th day of September, 2013.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE